IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa Rice, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  1:19-cv-1378 |
| v. | ) | |
| | ) | |
| Universal Beauty Products, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Lisa Rice ("Rice") and for her Complaint against Universal Beauty Products, Inc. ("UBP"), states as follows:

### **Nature of the Action**

1.      Ms. Rice was hired by UBP in 2016 as a Brand Manager.  As Ms. Rice was one of a few women in management roles within UBP, she strove to get equal treatment by the male owners of the company.  However, Ms. Rice was continually excluded from public events and internal meetings and was consistently discriminated against because of her gender.  When she reported the discrimination to Human Resources, she was abruptly terminated in retaliation for her complaints.  Plaintiff brings this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), in that she was discriminated against on the basis of her sex and was retaliated against for reporting the discrimination.

### **Parties**

2.      Plaintiff is a citizen of Illinois and was employed by UBP in Illinois.

3.      Defendant Universal Beauty Products Incorporated in an Illinois corporation.  Defendant's offices are located in this judicial district in Glendale Heights, Illinois.

**Jurisdiction and Venue**

4.      Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. §1343(A)(3), 42 U.S.C. §2000e-5(f), and 42 U.S.C. §12117.

5.      Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**Factual Allegations**

6.      Plaintiff started worked for UBP in approximately May 2016.

7.      Plaintiff worked as the Brand Manager during her tenure with UBP.  As a Brand Manager, Plaintiff was responsible for the sales and marketing of certain lines of men's grooming products owned by UBP.

8.      From the very first day she started, Plaintiff witnessed UBP owner, Mr. Park, making sexist and sexual comments during manager meetings.

9.      Plaintiff also noticed that women on her team were often excluded from important meetings that similarly situated men were allowed to attend.  Plaintiff was excluded from leadership meetings.

10.      Plaintiff was scheduled to represent her lines in an upcoming trade show.  Less than a week before she was scheduled to leave for the trade show, and after travel arrangements had been made, Plaintiff was told by upper management that she was not going to be allowed to attend the trade show because Mr. Park felt she could not adequately represent the brand because she was a woman.

11.      A man went to the trade show in Plaintiff's place.

12.      In approximately March 2017, Plaintiff was assigned to a new manager.

13.      Plaintiff's new manager refused to meet with her.

14.      Plaintiff assigned a higher performance rating to the woman on her team than the two men.  While Plaintiff as Brand Manager assigned the performanc ratings, she did not assign any pay

increases.  Mr. Park assigned the pay increases.  Mr. Park gave the two lower-performing men a higher pay increase than the woman.  When Plaintiff noticed the discrepancy, she requested a higher increase for the woman on her team.  That request was denied.

15.     In October 2017, Plaintiff went to Human Resources to discuss the gender inequality she was experiencing.  Plaintiff told the Human Resources representative that she did not want to make a formal complaint at that time but was seeking advice.

16.     After meeting with Human Resources, the situation did not improve, and Plaintiff began to notice that her male reports were being included in meetings that she, the manager of the brand, was being excluded from.

17.     As a result, on December 14, 2017, Plaintiff again went to Human Resources again to report these issues and gender discrimination.

18.     Within days of Plaintiff's second report to Human Resources, Plaintiff was given the only performance evaluation she ever had with UBP.  The performance evaluation claimed that she was a poor performer.

19.     Plaintiff was never informed prior to this performance review that she was a poor performer.  In fact, the feedback she received verbally and in emails was positive.

20.     On December 19, 2017, after presenting the performance evaluation, Plaintiff was terminated.

### Count I
### Gender Discrimination

21.     Plaintiff incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1981 employees shall not be discriminated against or harassed on the basis of their gender.

23.     Plaintiff has complied with all prerequisite conditions to filing this Complaint including by filing her claims with the Equal Employment Opportunity Commission and filing this Complaint within 90 days of receiving a Notice of Right to Sue from the EEOC.  A copy of the EEOC Charge is attached hereto.

24.     Plaintiff was discriminated against and harassed on the basis of her gender in that she was treated less favorably than men who were allowed to attend trade shows and leadership meetings she was female and treat her less favorably than other employees in the terms and conditions of her employment.

25.     Plaintiff was damaged by Defendant's conduct including by suffering lost wages, compensatory damages, attorneys' fees and costs.  Plaintiff also seeks interest and punitive damages and any other relief available under the law.

**Count II**
**Retaliation in Violation of Title VII**

26.     Plaintiff incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., employees shall not be retaliated against for reporting violations of Title VII.

28.     Plaintiff has complied with all prerequisite conditions to filing this Complaint including by filing her claims with the Equal Employment Opportunity Commission and filing this Complaint within 90 days of receiving a Notice of Right to Sue from the EEOC.

29.     Plaintiff was retaliated against for reporting violations of Title VII when she was treated differently and was terminated for reporting and opposing the discrimination and harassment.

30.     Plaintiff was damaged by Defendant's conduct including by suffering lost wages, compensatory damages, attorneys' fees and costs.  Plaintiff also seeks interest and punitive damages and any other relief available under the law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: February 25, 2019                                      Respectfully Submitted,

                                                             By: /s/ Kimberly Hilton
                                                             One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563